UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ<br><br>Plaintiff,<br><br>v.<br><br>ROBERT RZA DIGGS, SCOTT WHITELEATHER, ROBERT IGER, RON HOWARD, and BRIAN GRAZER,<br><br>Defendants. | Civil Action No. 23-12046 (JXN) (ESK)<br><br>and<br><br>Civil Action No. 23-16641 (JXN) (JBC)<br><br>MEMORANDUM<br>OPINION & ORDER |
| DANNY AMEN VALENTINE SHABAZZ<br><br>Plaintiff,<br><br>v.<br><br>CHRIS BRUCE, CERRON CADE, NICK SABEAN, and JEFF FLYNN,<br><br>Defendants. | |

**NEALS**, District Judge:

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Danny Amen Valentine Shabazz's ("Plaintiff's") complaint (ECF No. 1) (the "23-14046 Complaint"), as well as Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) (the "23-14046 IFP Application") in **2:23-cv-12046**. The matter also comes before the Court upon Plaintiff's complaint (ECF No. 1) (the "23-16641 Complaint") and Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) (the "23-16641 IFP Application") in **2:23-cv-16641**. For the reasons set forth below, in **2:23-cv-12046**, the IFP Application is **DENIED** *without prejudice* and the Complaint is **DISMISSED**

1

*without prejudice*. And in **2:23-cv-16641**, the IFP Application is **DENIED** *without prejudice* and the Complaint is **DISMISSED** *without prejudice*.

A. **In 2:23-cv-12046, Plaintiff's IFP Application (ECF No. 7) is Denied *without Prejudice* and Plaintiff's Complaint (ECF No. 1) is Dismissed *without Prejudice***

1. Pursuant to 28 U.S.C. § 1915, the Court must carefully review the IFP Application, "and, if convinced that [Plaintiff] is unable to pay the court costs and filing fees, . . . grant leave to proceed *in forma pauperis*." *Douris v. Middletown Twp.*, 293 F.App'x 130, 132 (3d Cir. 2008) (citation omitted). In the 23-12046 IFP Application, Plaintiff has not provided the necessary information requested in the application instructions, which requires applicants to "[c]omplete all questions in [the] application and then sign it" and to "not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." Indeed, the 23-14046 IFP Application contains numerous blank entries. *See, gen.*, 23-14046 IFP Application. As a result, the Court finds Plaintiff is not entitled to proceed *in forma pauperis*.

2. Upon submission of the 23-14046 IFP Application, the 23-14046 Complaint is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). To that end, the Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). Because the 23-14046 Complaint fails to state a claim, it is dismissed *without prejudice*.

3. In analyzing complaints under § 1915(e)(2)(B)(ii), the Court applies the same standard of review as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). Under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ibid*. The Court must "accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and internal quotations omitted).

4. Here, the 23-14046 Complaint alleges that unidentified defendants "greenlit Danny and his family's life story illegally[,]" causing Plaintiff "[a] loss of 2.2 billion in revenues and multiple family members have been damaged and passed away." Compl. ¶¶ 1-2. Plaintiff also alleges that "[w]e have reason to believe the CIA or FBI removed Kurt[] [Leitner's] NDA from the Google pipeline to hide the facts of this case." *Id.* ¶ 4. In purported support, Plaintiff claims "[c]riminal copyright fraud[,] . . . waste management of funds, defamation, statute of frauds[,] and insider threat development." *Id.* ¶ 3. And "request[s] a summary judgment and to shut this production down and have Robert Diggs return all masters[,]" and to have "Cerron cade of the Office of Budget and Management return Danny's trust fund and inheritance that are copyrights from the bail out of 1.2 billion." *Id.* ¶ 5.

5. Such allegations are bald assertions and conclusory allegations that are insufficient to "state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citation omitted). To be sure, the Court "need not . . . credit a *pro se* plaintiffs' bald assertions or legal conclusions." *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citation and internal quotations omitted). The Complaint is also a "shotgun pleading" as it fails to "specify[] which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Radhakrishnan v. Pugliese*, 2021 WL 11593799, at *1 (D.N.J. May 21, 2021) (citations omitted). Indeed, the 23-14046 Complaint neither specifies which defendant did what nor puts any defendant on notice of the claims against them. Because

the 23-14046 Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), the 23-14046 Complaint is dismissed *without prejudice*.

    B.    **In 2:23-cv-16641, Plaintiff's IFP Application (ECF No. 1-1) is Denied *without prejudice* and Plaintiff's Complaint (ECF No. 1) is Dismissed *without Prejudice***

    6.    The Court carefully reviewed the 23-16641 IFP Application (ECF No. 1-1) to determine whether Plaintiff is entitled to proceed *in forma pauperis*. The Court also screened the 23-16641 Complaint (ECF No. 1) *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2). The Court denies the 23-16641 IFP Application *without prejudice* as incomplete. Further, the Court dismisses the 23-16641 Complaint as duplicative of **2:23-cv-05286**. When faced with a duplicative complaint, the Court may dismiss the second complaint without prejudice. *Walton v. Eaton Corp.*, 563 F.2d 66, 70-71 (3d Cir. 1977). Here, the Court finds that dismissal of the 23-16641 Complaint is appropriate as duplicative of the Complaint in **2:23-cv-05286**. *See Battie v. Camden Cty. Jail*, 16-8594, 2017 WL 2362843, *3 (D.N.J. May 31, 2017) (dismissing duplicative complaint without prejudice); *Fabics v. City of New Brunswick*, 629 F.App'x 196, 199 (3d Cir. 2015) (affirming district court's dismissal of duplicative complaint with prejudice). Thus, the 23-16641 Complaint is dismissed *without prejudice*.

For all the foregoing reasons, it is hereby,

**ORDERED** that this Memorandum Opinion and Order shall relate to **2:23-cv-12046** and **2:23-cv-16641** with the same force and effect; it is further

**ORDERED** that in **2:23-cv-12046**, Plaintiff's IFP Application (ECF No. 7) is **DENIED** *without prejudice*, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*; it is further

4

5

**ORDERED** that in **2:23-cv-16641**, Plaintiff's IFP application (ECF No. 1-1) is **DENIED** *without prejudice*, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*; it is further

**ORDERED** that Plaintiff may submit an IFP Application or, alternatively, submit payment in the amount of $402 within 14 days from the date of this Order to reopen the case in **2:23-cv-12046** and/or **2:23-cv-16641** without further action from the Court; it is further

**ORDERED** that Plaintiff may file an amended complaint within 14-days of this Order in **2:23-cv-12046** and/or **2:23-cv-16641** to cure the deficiencies discussed herein; it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE 2:23-cv-12046** and **2:23-cv-16641** *without prejudice* to restoration to the active docket should Plaintiff submit an alternative IFP or submit payment, and file an amended complaint, should he choose to do so.

DATED: 9/26/2023

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge