UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANNY AMEN VALENTINE SHABAZZ<br><br>Plaintiff,<br><br>v.<br><br>BRIAN MOYNIHAN, BANK OF AMERICA, GARY GRICE, and SMALL BUSINESS ADMINISTRATION,<br><br>Defendants. | Civil Action No. 23-12046 (JXN) (ESK)<br><br>MEMORANDUM OPINION<br><br>&<br><br>ORDER |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Danny Amen Valentine Shabazz's ("Plaintiff's") amended complaint (ECF No. 20) (the "Amended Complaint") and application to proceed *in forma pauperis* (ECF No. 20-1) (the "IFP Application"). For the reasons set forth below, Plaintiff's IFP Application is **DENIED** without prejudice and the Amended Complaint is **DISMISSED** without prejudice.

1. In the IFP Application, Plaintiff has not provided the necessary information requested, which calls for applicants to "[c]omplete all questions in [the] application and then sign it" and to "not leave any blanks: if the answer to a question is '0,' 'none,' or 'not applicable (N/A),' write that response." Indeed, the IFP Application contains numerous blank entries. (*See, gen.,* the IFP App.). This alone is sufficient to deny the IFP Application.

2. Further, pursuant to 28 U.S.C. § 1915, "if convinced that [Plaintiff] is unable to pay the court costs and filing fees," the Court may "grant leave to proceed *in forma pauperis*." *Douris v. Middletown Twp.*, 293 F.App'x 130, 132 (3d Cir. 2008) (citation omitted). Here, the face of the IFP Application demonstrates that Plaintiff is not destitute and is able to pay the applicable court

1

courts and filing fees.  Plaintiff represents that his "[i]ncome amount expected next month" includes "$7[,]600,000" in "[e]mployment[,]" "$85[,]000" in "[s]elf-employment" monies, and claims that "Bank of America[,]" the "State of De[,]" and "20th Century Fox/Hulu" owe him a combined $8,000,000.  (IFP App. at 1-2).  Thus, the Court dismisses the IFP Application.  The Court also dismisses the Amended Complaint for failure to state a claim.

3.	Upon submission of the IFP Application, the Amended Complaint is subject to *sua sponte* screening by the Court.  28 U.S.C. § 1915(e)(2).  The Court may dismiss the Amended Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii).  To that end, the Court applies the same standard of review as that for dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012).  Under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid*.

4.	Here, in addition to failing to comply with Federal Rule of Civil Procedure 10, the face of the Amended Complaint fails to state a claim.  Plaintiff alleges in part that the "bank weakened my life position [sic] when they froze the funds on August 24th, 2020 and closed the accounts on August 28th, 2020."  (Am. Compl. at 2).  Further, that "Jeff Gill said [that] the SBA Smal Business Administration is responsible for the 7.6 million being frozen[,]" and that we "are also submitting a copyright with Bank of America to show the funds were copyrighted . . . ." (*Id.* at 3).  Moreover, that "[w]hen these funds were frozen, a business model that worked for 30 years was damaged and multiple lives lost." (*Ibid.*).

5. The Amended Complaint "lacks any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction, and therefore wholly fails to comply with *Twombly/Iqbal* and Federal Rule of Civil Procedure 8(a)." *Grambrell v. South Brunswick Bd. of Educ.*, 18-16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) (citation and internal quotations and brackets omitted). Indeed, the Amended Complaint "contains no discernable factual allegations or legal theories that could serve as a basis for recovery against defendants" and, therefore, is "insufficient to put defendants on notice as to the claims asserted against them or the basis for such claims . . . ." *Williams v. New Jersey*, No. 8-4620, 2009 WL 1606466, at *1 (D.N.J. June 5, 2009) (citation omitted). Accordingly, the Amended Complaint fails to state a plausible claim against any alleged defendant on its face. *Ashcroft*, 556 U.S. at 678 (citation omitted). For all the foregoing reasons, it is hereby,

**ORDERED** that the IFP Application (ECF No. 20-1) is **DENIED** without prejudice; it is further

**ORDERED** that the Amended Complaint (ECF No. 20) is **DISMISSED** without prejudice; it is further

**ORDERED** that Plaintiff may submit an IFP Application or submit payment in the amount of $405 within 14 days of this Order to reopen without further action from the Court; it is further

**ORDERED** that Plaintiff may file an amended complaint within 14 days of this Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that this matter remains **ADMINISTRATIVELY CLOSED**.

DATED: 3/20/2024

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge